## THOMPSON v. BURNHAM.

1. Practice; DISCRETIONARY RULINGS. Rulings of the court below on questions of practice respecting matters which from their nature rest largely in the discretion of the trial court, will not be disturbed on appeal where abuse of such discretion is not clearly manifest.

2. —— CONSIDERATION OF MOTIONS AND DEMURRERS. The trial court may take a reasonable time for the consideration of questions raised by demurrer, and may, in its discretion, postpone its ruling thereon until a particular time or a subsequent term.

3. —— APPEAL. No appeal can be properly based on a ruling which the court in effect subsequently changed or set aside in the case.

*Appeal from Fayette District Court.*

TUESDAY, DECEMBER 12.

THE necessary facts are set out in the opinion. The plaintiff appeals.

*Rickel & Fuller* and *J. J. Berkey* for the appellant.

*Ainsworth & Miller* and *Noble, Hatch & Frese* for the appellee.

COLE, J.— In August, 1870, the plaintiff filed his petition alleging that he was the owner of a certain eighty acres of land situated on both sides of Turkey river in Fayette county; that in October, 1869, the defendant built a dam across said river and below plaintiff's land, whereby he had caused the overflow of a part of plaintiff's said land,

compelled plaintiff to travel four miles in order to cross the river and get from one part of said eighty acres to the other part; had destroyed a good mill site on plaintiff's land, and had rendered the locality of it unhealthy by such overflow, to the plaintiff's damage $3,000.

At the December term, 1870, the cause was continued at defendant's costs. At the June term it was continued. At the December term, 1871, the defendant filed an answer, admitting the plaintiff's ownership of the land and the erection of the dam; but therein denied that he had caused the overflow, or rendered the travel necessary, or destroyed the mill site, or rendered the locality unhealthy as stated; and the defendant in said answer averred that an action was pending in the same court by *ad quod damnum* proceedings, etc., between these parties for the assessment of all damages the plaintiff herein had or would suffer by reason of said dam; that a jury had made a full appraisement of such damages, and the cause was pending on *scire facias* to show cause why the dam should not be built and continued, etc. At the same term of the court, the plaintiff demurred to the affirmative matter of said answer, assigning in detail the grounds thereof. The cause was submitted, at the same term, to the court upon the demurrer, and was taken under advisement by the court, and the cause was continued. At the June term, 1872, and on the second day of the term, the court ordered that the ruling on the demurrer to defendant's answer be stayed, till answer to the *scire facias* shall be heard. To this the plaintiff excepted, and demanded a jury trial, which the court refused until the hearing of the other case; and to this last ruling the plaintiff also excepted. On the sixth and last day of the term, the court sustained the demurrer, in part, specifying wherein, and there being no time for a trial at that term, the cause was continued and leave given to the defendant to amend his answer within sixty days. The plaintiff objected to an extension

of the time to answer, and demanded judgment upon his demurrer, and duly excepted to the action of the court. The errors assigned are based upon the several exceptions as above stated.

Very much of the practice involved in the decisions excepted to are matters within the sound discretion of the court, and which cannot be properly interfered with by an appellate court, except there has been a manifest abuse of such discretion. No such abuse of discretion is here shown. The court, in its discretion, might take such reasonable time to consider the demurrer as should be necessary to a correct conclusion, having regard to the nature of the case and the importance of the question. The order that the ruling on the demurrer be stayed till answer to the *scire facias* shall be had was practically overruled or disregarded by the court itself, in its subsequent action of sustaining the demurrer. No appeal could therefore be properly based upon the ruling which the court itself had in effect set aside. Since there was no time for a trial at that term, and the cause was necessarily continued, no prejudice could occur to the plaintiff by allowing the defendant sixty days in which to file the amendment to his answer.

Affirmed.